```
Neil Ison State Bar Number 112881
P.O. Box 700622
San Jose, CA 95170
Telephone: (408) 828-2490
isonlaw@yahoo.com
```

FILED

JUL 1 3 2010

CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>  DEEPAK CHOPRA,<br><br>    Debtor.<br>_____<br>RAJINDER JINDIA and URMIL JINDIA,<br><br>    Plaintiff,<br><br>  vs.<br><br>DEEPAK CHOPRA,<br><br>    Defendant.<br>_____ | Case No.: 10-52819<br><br>CHAPTER 7<br><br>ADVERSARY PROCEEDING No. 10-05195<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT (11 U.S. § 523(a))** |

Defendant DEEPAK CHOPRA ("Chopra" or "Defendant") hereby answers and responds to the above complaint ("Complaint") filed by Plaintiffs RAJINDER JINDIA AND URMIL JINDIA ("Plaintiffs") as follows:

1. Defendant admits the allegations in Paragraph 1.
2. Defendant admits the allegations in Paragraph 2, except to the extent that Paragraph 2 contains legal conclusions to which no response is required.
3. Defendant admits the allegations in Paragraph 3, except to the extent that Paragraph 3 contains legal conclusions to which no response is required.

4. Defendant admits the allegations in Paragraph 4 that this adversary proceeding is a core proceeding as that term in defined at 28 U.S.C. § 157, except to the extent that Paragraph 4 contains legal conclusions to which no response is required.
5. Defendant admits the allegations in Paragraph 5.
6. Defendant admits the allegations in Paragraph 6.
7. Defendant denies the allegations in Paragraph 7.
8. Defendant denies the allegations in Paragraph 8.
9. Defendant denies the allegations in Paragraph 9.
10. Defendant denies the allegations in Paragraph 10.
11. Defendant denies each and every allegation in Paragraph 11, except that Defendant admits the following: (a) Admit the allegations in subsection (a) that Plaintiff loaned Shiva $25,000 to Shiva in exchange for a promissory note from Shiva; (b) Admit the allegations in subsection (b) that the Plaintiff issued three check and one wire transfer in the amount of $130,000 to one of the Companies (CEC) in exchange for a promissory note from CEC.
12. Defendant lacks knowledge sufficient to form a belief in the truth or falsity with respect to allegations concerning the illness of Plaintiff Urmil Jindia in Paragraph 12. Defendant denies the remaining allegations.
13. Defendant denies the allegations in Paragraph 13.
14. Defendant responds to Paragraph 14 of the Complaint as herein set forth in paragraphs 1 through 13, inclusive, of this answer.,
15. Defendant denies the allegations in Paragraph 14.
16. Defendant denies the allegations in Paragraph 15.
17. Defendant denies the allegations in Paragraph 16.
18. Defendant responds to Paragraph 18 of the Complaint as herein set forth in paragraphs 1 through 13, inclusive, of this answer.

19. Defendant denies the allegations in Paragraph 18.
20. Defendant denies the allegations in Paragraph 19.
21. Defendant denies the allegations in Paragraph 20.
22. Defendant responds to Paragraph 22 of the Complaint as herein set forth in paragraphs 1 through 13, inclusive, of this answer.
23. Defendant denies the allegations in Paragraph 22.
24. Defendant denies the allegations in Paragraph 23.
25. Defendant denies the allegations in Paragraph 24.

Defendant further denies that the Plaintiff is entitled to any of the relief requested in the Prayer.

### Affirmative Defenses

Defendant asserts the following affirmative defenses to the Complaint. The following affirmative defenses are not to be construed as an admission of any kind on the part of the Defendant. In asserting the following defenses, Defendant does not assume the burden of proof for any factual allegation or any element of Plaintiff's claims for relief.

1. Defendant asserts that the some or all of the moneys lent as alleged by the Plaintiff were usurious and against California public policy, that usurious interest was paid, that Plaintiff is liable for treble damages for any usurious interest paid, that Plaintiff is not entitled to any usurious interest and the amount of interest should be deducted from the amount due, if any, and that all such credits and damages constitute a set off.
2. Defendant asserts that the Plaintiff released the Defendant from the alleged obligations.

3. Defendant asserts that the Plaintiff waived, or is estopped from asserting, the alleged claims against the Defendant.
4. Defendant asserts that any relief, if established, should be reduced and offset, in whole or in part, by sums paid to Plaintiff by or on behalf of the Defendant.
5. Defendant asserts that the Plaintiff's Complaint fails to join a necessary party under Rule 19 of the Federal Rules of Civil Procedure and Rule 7019 of the Federal Rules of Bankruptcy Procedure.
6. Defendant reserves the right to assert additional affirmative defenses as they may become applicable to the action after further investigation or new information is discovered by the Defendant.

**WHEREFORE**, Defendant respectfully requests that the Court:
1. Deny the relief requested by the Plaintiff in its entirety;
2. Award reasonable attorney's fees and costs to the Defendant;
3. Award any other further relief that the Court considers just and proper.

Dated this July 12, 2010

_____
NEIL ISON, Attorney for
Defendant Deepak Chopra

Defendant's Answer    4

Case: 10-05195   Doc# 5   Filed: 07/13/10   Entered: 07/14/10 13:12:22   Page 4 of 4